UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL A. MANCONE,

    Plaintiff,

Vs                                                     COMPLAINT
                                                             Civ. No.

MIDLAND FUNDING LLC
a/k/a MIDLAND FUNDING OF DELAWARE LLC;
MIDLAND FUNDING MANAGEMENT, INC;
MRC RECEIVABLES CORPORATION;     JURY TRIAL DEMANDED
and COHEN & SLAMOWITZ, LLP

    Defendants.
_____

    Plaintiff, Michael A. Mancone, by his attorney, Raymond C. Stilwell, complains as follows:

    1.    This action is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (the "FDCPA"), and alleges that the defendant debt collector committed multiple violations of the statute in an effort to collect a debt from the plaintiff.

    2.    This complaint seeks damages pursuant to the FDCPA including statutory damages and plaintiff's attorneys fees.

**PARTIES**

    3.    Plaintiff Michael A. Mancone is a resident of the this District in the County of Erie, State of New York.

    4.    The defendant, Midland Funding LLC .( hereinafter "Midland") is a Delaware limited liability company with its principal office in San Diego, California.

    5.    Midland is a "debt collector" as defined by the FDCPA, section 1692a(6).

    6.    The defendant, Midland Credit Management, Inc.( hereinafter "MCM") is a Kansas corporation with its principal office in San Diego, California, , under common ownership and control with the defendant Midland.

7. MCM is also a "debt collector" as defined by the FDCPA, section 1692a(6).

8. The defendant, MRC Receivables Corporation (hereinafter "MRC"), is a Delaware corporation with its principal office in San Diego, California, under common ownership and control with the defendants Midland and MCM.

5. MRC is also a "debt collector" as defined by the FDCPA, section 1692a(6).

6. The defendant, Cohen & Slamowitz LLP (hereinafter "C&S"), is a domestic limited liability partnership with its principal office in Nassau County, New York.

7. C&S is also a "debt collector" as defined by the FDCPA, section 1692a(6).

## JURISDICTION

8. This action was brought pursuant to the FDCPA, 15 U.S.C. §1692 *et seq*. Jurisdiction over plaintiff's complaint under New York Civil Rights Law is specifically provided by 15 U.S.C. §1692k(d).

Venue is proper in the Western District of New York pursuant to 28 U.S.C. §1391 in that the Western District of New York is the judicial district where the plaintiff resides and the judicial district where substantial part of the events giving rise to the claims occurred.

## STATEMENT OF FACTS

9. Between February 24, 2011 and April 15, 2011, plaintiff, and members of plaintiff's family, received numerous notifications from defendant C&S concerning an alleged debt to HSBC that had allegedly been assigned to the defendant Midland.

10. The first written communications asserted that C&S was collecting such debt on behalf of defendant Midland. The second written communication claimed that C&S was collecting such debt on behalf of "Midland Funding LLC DBA in Newyork as Midland Funding of Delaware LLC." The third written communication stated that Midland intended to file a lawsuit against plaintiff.

2

11. Upon information and belief, the debt in question was actually assigned by HSBC to the defendant MRC, and not to the defendant entity named in the written communications to plaintiff.

12. Subsequent to the third written communication, representatives of defendant C&S commenced a series of telephonic communications to plaintiff and members of plaintiff's family, which disclosed the nature of the alleged debt to persons other than the plaintiff, which were verbally abusive to plaintiff on the occasions he communicated with their representatives directly, and which further threatened garnishment of plaintiff's wages pursuant an alleged action which, as of that time, had not been served on plaintiff.

### FIRST CAUSE OF ACTION PURSUANT TO THE FDCPA

13. Plaintiff repeats and realleges each of the allegations contained paragraphs "1" through "12" as if fully set forth herein.

14. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant C&S violated 15 U.S.C. § 1692e(2)(A) by making a false representation regarding the character, amount, or legal status of a debt.

    (b) Defendant C&S violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot be taken or that is not intended to be taken.

    (c) Defendant C&S violated 15 U.S.C. § 1692d(5) by repeatedly contacting plaintiff telephonically and engaging him in conversation concerning such alleged indebtedness with intent to annoy, abuse or harass.

    (d) Defendant C&S violated 15 U.S.C. § 1692(b)(1) by disclosing information concerning indebtedness allegedly owed by plaintiff to persons other than the plaintiff.

(e) Defendants Midland, MCM and MRC violated the FDCPA by engaging in misrepresentation concerning the ownership of the alleged indebtedness.

11. As a result of the above violations of the FDCPA, the defendants are liable to the plaintiff for plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE:  Plaintiff demands judgment in his favor and against the defendants and requests the award of damages in the form of:

    a.    Actual damages as determined by the Court;

    b.    Statutory damages in the sum of $5,000.00;

    c.    Attorney's fees and costs;

    d.    And such other and further relief as this Court deems just and proper.

Dated: December 10, 2011

    /s/ Raymond C. Stilwell  
Raymond C. Stilwell, Esq.  
Attorney for Plaintiff  
The Law Center Building  
17 Beresford Court  
Williamsville, NY 14221  
Telephone (716)634-8307